FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK M.,[1] <br>     Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | No. 1:20-cv-03045-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 22, 23 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 22, 23. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 22, and denies Defendant's motion, ECF No. 23.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

ORDER - 3

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 14, 2014, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of January 1, 2014.[2] Tr. 141, 234-39, 546. The application was denied initially, and on reconsideration. Tr. 168-76, 180-86. Plaintiff appeared before an administrative law judge (ALJ) on June 28, 2016. Tr. 82-102. On October 27, 2016, the ALJ denied Plaintiff's claim. Tr. 20-

---

[2] Plaintiff previously applied for Title II and Title XVI benefits on August 25, 2008; the application was denied initially and on reconsideration, and Plaintiff appeared before an ALJ on September 16, 2010. Tr. 46-81. On October 1, 2010, the ALJ denied Plaintiff's claim. Tr. 103-21. Plaintiff appealed the denial to the Appeals Council who declined to review the claim, Tr. 122-27. Plaintiff appealed the denial to this Court which resulted in a denial of Plaintiff's motion for summary judgment. Tr. 128-40.

ORDER - 6

40. Plaintiff appealed the denial to the Appeals Council, who declined to review the decision. Tr. 1-6. Plaintiff then appealed the denial to this Court, which resulted in a remand for further proceedings. Tr. 661-87. While the appeal was pending, Plaintiff filed another application for benefits; the claims were consolidated. Tr. 690. A remand hearing was held January 2, 2020. Tr. 566-93. On January 16, 2020, the ALJ again denied Plaintiff's claim. Tr. 543-65.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 14, 2014. Tr. 548. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, left upper extremity rotator impingement, depression, COPD/centrilobular emphysema, and substance abuse in remission. Tr. 549.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id*. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can sit, stand, and walk for 6 hours each in an 8-hour work day. He can do all postural activities occasionally and has no limitations in his ability to balance. He can overhead reach bilaterally occasionally. He can occasionally reach in all other directions with his non-dominant, left, upper extremity. He can frequently reach in all other directions with his right, upper extremity. He can frequently handle, finger, and feel bilaterally. He must avoid concentrated exposure to vibrations and hazards such as heights and dangerous moving machinery. He is capable of simple, routine tasks in 2-hour

ORDER - 7

increments.  He can work superficially and occasionally with the general public.

Tr. 550-51.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work.  Tr. 555.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform such as housekeeping, cleaner; production assembler; and inspector/hand packager.  Tr. 557.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  *Id.*

Per 20 C.F.R. § 416.1484, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly complied with this Court's previous Order;

2. Whether the ALJ properly evaluated the medical opinion evidence;

3. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

ORDER - 8

4. Whether the ALJ conducted a proper step-five analysis.[3]

ECF No. 22 at 2, 4-5, ECF No. 24 at 2-3.

## DISCUSSION

**A. Previous Order**

Plaintiff argues the ALJ erred in failing to follow this Court's prior remand Order. ECF No. 22 at 4-5, ECF No. 24 at 2-3. "The mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). An administrative agency is bound on remand to apply the legal principles set out by the reviewing court. *Jackson v. Berryhill*, No. 3:17-CV-05312-DWC, 2018 WL 1466423, at *2 (W.D. Wash. Mar. 26, 2018) (citing *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review)). In Social Security cases, when the Appeals Council remands a case to the ALJ, the ALJ must take any action ordered by the Appeals Council and must follow the specific instructions of the reviewing

---

[3] The Court has framed the issues in a different manner than Plaintiff because Plaintiff's argument that the ALJ failed to follow the remand Order impacts Plaintiff's three other arguments for the reasons discussed herein.

ORDER - 9

court. 20 C.F.R. § 416.1477; *Samples v. Colvin,* 103 F. Supp. 3d 1227, 1231-31 (D. Or. 2015).

This Court previously found the Appeals Council erred in refusing to consider the new evidence submitted after the hearing, consisting of an opinion from Sean Hancock, PA-C. Tr. 682. This Court noted Mr. Hancock's opinion was consistent with the opinion of Dr. Crank, whose opinion the ALJ rejected as inconsistent with the medical evidence. Tr. 681-82. This Court also found there was a reasonable probability that Mr. Hancock's opinion could have impacted the ALJ's evaluation of Dr. Lee's opinion, another opinion the ALJ rejected in part. *Id.* Further, Mr. Hancock's opinion related to the same symptom claims made by Plaintiff, thus Mr. Hancock's opinion appeared to impact the ALJ's evaluation of Plaintiff's symptom claims. *Id.* This Court stated, "[w]hether Mr. Hancock's assessment can be reconciled with the ALJ's existing adverse determination as to Plaintiff's symptom claims or any of the other remaining issues in the case is for the Commissioner to decide in the first instance." *Id.* The case was remanded for the ALJ to consider "how the evidence from Mr. Hancock could affect each step of the sequential analysis, including any analysis of Plaintiff's symptom claims." Tr. 684.

The ALJ noted she was directed to consider the opinion of PA-C Sean Hancock, offer Plaintiff a new hearing, complete the administrative record, and

ORDER - 10

issue a new decision. Tr. 546. The ALJ did not mention that she was also directed to consider how Mr. Hancock's opinion impacted the analysis of the other evidence, including Plaintiff's symptom claims. The ALJ stated, "I adopt and incorporate by reference the discussion of [Plaintiff's] subjective complaints from the prior decision (B8A/9). This discussion was not disturbed by the District Court," Tr. 551, and she adopted and incorporated the discussion of the medical records from the prior decision, Tr. 552. The ALJ summarized Plaintiff's testimony from the 2020 hearing, and set forth an analysis only of the evidence since the 2016 hearing. Tr. 551-53. However, the ALJ did not provide any new analysis of the evidence that existed at the time of the 2016 hearing, including Plaintiff's symptom claims and the medical records and opinions.

The ALJ also adopted her discussion of the opinion of the medical opinions from the 2016 decision, and stated her analysis of the opinions was not disturbed by this Court. Tr. 554. However, this Court explicitly noted Mr. Hancock's opinion may have impacted the analysis of Dr. Lee's opinion, Tr. 682, and directed the ALJ to consider how Mr. Hancock's opinion impacted every step of the sequential analysis, Tr. 684. The ALJ did not include any analysis of Dr. Lee's opinion in the present decision.

Defendant argues that the ALJ concluded that Mr. Hancock's opinion did not affect her prior analysis of the medical evidence nor Plaintiff's symptom

ORDER - 11

claims. ECF No. 23 at 3-4. However, the ALJ did not discuss any of the earlier medical records nor the earlier medical opinions, including, Dr. Lee's opinion, nor did she discuss Plaintiff's claims made at the time of the 2016 hearing. While the ALJ rejected Mr. Hancock's opinion, Tr. 554, she did not provide an analysis regarding whether she considered the consistency of Mr. Hancock's opinion with any of the earlier evidence, including Dr. Lee's opinion and Dr. Crank's opinion, nor Plaintiff's claims. The ALJ's adoption of her earlier discussion of Plaintiff's symptom claims and the medical evidence, without any discussion of how Mr. Hancock's opinion impacted her analysis, disregards this Court's direction to reconsider the evidence in light of Mr. Hancock's opinion.

On remand, the ALJ is directed to reconsider Mr. Hancock's opinion, and to reconsider the impact of Mr. Hancock's opinion on the analysis of all of the medical evidence and Plaintiff's symptom claims, including the evidence that existed at the time of the 2016 hearing.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in her analysis of the opinions of Jeremiah Crank, M.D.; R.A. Cline, Psy.D.; Joe Lee, M.D.; and Jennifer Gindt, ARNP. ECF No. 22 at 3-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

ORDER - 12

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may

ORDER - 13

serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. § 416.913 (2013).[4] However, an ALJ is required to consider evidence from non-acceptable medical sources, such as therapists. 20 C.F.R. § 416.913(d) (2013).[5] An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim*, 763 F.3d at 1161.

As this case is being remanded for the ALJ to reconsider the impact of Mr. Hancock's opinion on the analysis of the other evidence, including Dr. Lee's opinion, the ALJ is also directed to reconsider the remaining medical opinions in their entirety. The ALJ is directed to provide a new analysis of the opinions, which

---

[4] The regulation that defines acceptable medical sources is found at 20 C.F.R. § 416.902 for claims filed after March 27, 2017. The Court applies the regulation in effect at the time the claim was filed.

[5] The regulation that requires an ALJ's consider opinions from non-acceptable medical sources is found at 20 C.F.R. § 416.920c for claims filed after March 27, 2017. The Court applies the regulation in effect at the time the claim was filed.

ORDER - 14

shall include consideration of Mr. Hancock's opinion and any new evidence that may impact the opinion analysis.

### C. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 22 at 17-21. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163 (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81

ORDER - 15

F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 16

statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence. Tr. 552.

As this case is being remanded for the ALJ to reconsider the impact of Mr. Hancock's opinion on the analysis of the other evidence, including Plaintiff's symptom claims, the ALJ is directed to reconsider Plaintiff's symptom claims in their entirety and to incorporate the limitations into the RFC or provide clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's symptom claims.

**D. Step Five**

Plaintiff contends the ALJ erred at step five, ECF No. 22 at 2, however Plaintiff did not set forth any arguments regarding the error. Thus, any challenge to those findings is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). However, as the case is being remanded for the reasons discussed *supra,* the ALJ is also directed to perform the five-step process anew.

**E. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 22 at 10. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*,

ORDER - 17

761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

ORDER - 18

The Court finds further proceedings are necessary to resolve conflicts in the evidence, including conflicting medical opinions. Further, the record as a whole creates serious doubt that Plaintiff is disabled. Plaintiff has reported being able to drive himself to appointments, prepare meals, handle housework, tend to his personal care, use public transportation, shop, attend NA meetings two times per week, watch television, and care for his mother before her passing. Tr. 273-79, 550. Plaintiff primarily reported an inability to work due to his back and knee pain, Tr. 553, however in 2018 Plaintiff reported that he had stopped seeing any specialists and that his back pain was fairly controlled, Tr. 552 (citing Tr. 964), and in 2019 Plaintiff reported improvement with injections and medication, Tr. 552-53 (citing Tr. 1206). Plaintiff also alleged disability in part due to mental health symptoms, but in 2018 his depression was well controlled on medication, he reported no mental health treatment other than medication, and he declined counseling. Tr. 553 (citing Tr. 972, 1239). As such, the claim is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

ORDER - 19

2. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED February 22, 2021.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE